NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-25

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 8579

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Doe appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level three sex offender.[1]  We also affirm.

---

[1] This is but the most recent appeal in Doe's case.  The initial 2010 decision designating him as a level three sex offender was remanded in 2015 while the appeal was pending for a new hearing in light of Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297 (2015).  Following the 2017 de novo hearing, where Doe was again classified as level three, the Superior Court remanded the case to allow Doe to hire an expert.  His third de novo hearing and level three classification in 2019 was again remanded by the Superior Court to permit additional testimony from Doe's expert.  Following the fourth de novo hearing in 2021, the examiner issued an amended decision that, even after considering that expert's additional testimony, still classified Doe as a level three sex offender. The same hearing examiner conducted the 2017, 2019, and 2021 classification hearings.  The appeal of the Superior Court's decision affirming the hearing examiner's 2021 amended decision is what is before us.

Background.  In 1976, Doe (then sixteen years old) raped and killed a nine year old boy in the woods outside the residential facility where the boy was living.  During the subsequent investigation, Doe was found to have sexually assaulted three other youths.  In 1978, Doe pleaded guilty to manslaughter for the boy's death, assault with intent to rape, and indecent assault and battery; he was sentenced to eighteen to twenty years in State prison.  The following year, Doe was found to be a Sexually Dangerous Person (SDP) and was civilly committed to the Massachusetts Treatment Center (MTC).  He remained confined at MTC until 2013.

At his 2021 classification hearing, Doe argued that there was insufficient evidence that he raped the boy.  Although the hearing examiner acknowledged that Doe was not convicted of rape, he cited both evidence from an autopsy report documenting trauma to the boy's body that was consistent with anal penetration, as well as Doe's own testimony that he had oral sex with the boy,[2] to find that penetration occurred.  The hearing examiner therefore applied "full weight" for physical contact under factor 19.  In addition to this risk-elevating factor, the

---

[2] At the 2010 classification hearing, Doe testified that the boy's fatal injury occurred when he "forcibly grabbed him and threw him down on [a] rock" in order to anally penetrate him.

2

hearing examiner applied ten other risk-elevating factors,[3] two high-risk factors,[4] and considered two additional factors.[5] The hearing examiner did not base his application of these factors solely on Doe's offenses from the 1970s. Rather, he also scrutinized Doe's conduct in his thirty-four years at MTC, including disciplinary reports for stalking other residents, a 2003 phallometric assessment for paraphilia, his subsequent refusal to participate in other phallometric assessments, and his sporadic participation in sex offender treatment, as well as Doe's additional criminal charges in the eight years following his release from MTC. Notably, when Doe was arrested on two occasions in 2016 and 2018, he was found to be in possession of various law enforcement paraphernalia (marked with Boston Police Department; State Police; Drug Enforcement Administration; and

---

[3] Factor 7 (stranger relationships between offender and victims, "increased weight"); factor 8 (weapons/violence, "applied"); factor 9 (alcohol/substance abuse, "applied"); factor 10 (contact with criminal justice system, "applied"); factor 13 (noncompliance with community supervision, "increased weight"); factor 16 (public place, "applied"); factor 17 (male offender against male victim, "applied"); factor 22 (multiple victims, "applied"); factor 24 (unsatisfactory participation in sex offender therapy, "applied"); and factor 27 (juvenile engaging in sexual activity with nonpeer-aged victims, "applied").

[4] Factor 1 (mental abnormality, "minimal weight") and factor 5 (adjudicated SDP, "applied").

[5] Factors 35 (psychological or psychiatric profiles regarding risk to reoffend, "considered") and factor 37 (other useful information, scholarly materials, "considered").

Bureau of Alcohol, Tobacco, Firearms and Explosives logos), including law enforcement badges and uniforms, blue lights, handcuffs, and a spring-loaded knife. As the arresting officer in 2018 observed, these items "could be used to impersonate a police officer."

The hearing examiner also considered the testimony of the experts that testified at the 2021 hearing on Doe's behalf and, to some extent, credited it. For example, the hearing examiner assigned Doe's well-documented diagnoses of pedophilia only "minimal" weight because Doe's experts pointed out the "datedness of these reports." Overall, however, the hearing examiner concluded that Doe's experts "tended to paint a rosier picture" than the facts warranted. For instance, the hearing examiner understandably found that one of these experts was unduly dismissive in characterizing the highly disturbing evidence regarding Doe's possession of handcuffs and other law enforcement paraphernalia as "not a huge deal."

The hearing examiner ultimately concluded that, based on the governing offense and applicable risk factors, Doe presented a high risk of reoffense. He further found Doe to present a high degree of dangerousness, that Internet publication was appropriate given the violent nature of his prior offenses involving young stranger victims, and therefore ordered that Doe register as a level three sex offender. A Superior Court judge

4

affirmed Doe's level three classification and this appeal followed.

Discussion. "We review a judge's consideration of an agency decision de novo," Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019), "giv[ing] due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Id. at 88, quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015) (Doe No. 356011).

As an initial matter, we agree with the hearing examiner that there was sufficient evidence that Doe raped the boy. We find the detailed description of the horrendous trauma to the boy's body in the autopsy report to be reliable hearsay on which the hearing examiner could rely in his analysis of the factors. See Commonwealth v. Reavis, 465 Mass. 875, 883 (2013) ("autopsy report[s] . . . are documents upon which experts are accustomed to rely"); Doe No. 356011, 88 Mass. App. Ct. at 77 (multilevel hearsay admissible at classification hearing if accompanied by appropriate "indicia of reliability"). In any event, Doe's own testimony that he engaged in oral sex with the boy and attempted to sodomize him served as an independent basis to establish rape.

5

Turning to Doe's other challenges, we discern no reversible error in the hearing examiner's application of the relevant factors.[6] There is no basis to disturb the hearing examiner's discounting of the testimony of one of Doe's experts under factor 35, especially where this expert failed to consider both the disturbing reports of Doe's behavior while confined at MTC and his alarming post-release arrests. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019) ("Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony"). With respect to factor 1, as noted, the hearing examiner properly credited Doe's arguments as to the datedness of the paraphilia diagnosis and gave this evidence only "minimal weight." Application of factor 16 was appropriate where the governing offense occurred in the woods near the boy's residence. As to factor 9, where the best evidence of Doe's purported sobriety was an Alcoholics Anonymous medallion received when he was still confined at MTC, any error in applying this factor did not affect Doe's classification level. See Doe, Sex Offender

---

[6] For the same reasons, we find that a level three classification is supported by substantial evidence. See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 n.4 (2022) ("Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion'" [citation omitted]).

Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 804 (2022) (Doe No. 22188).  Contrary to the circumstances in Doe No. 22188, where we highlighted the petitioner's "considerable mitigation" that began while incarcerated and continued in his years out in the community, there is simply insufficient evidence of the progress Doe has made since his offense.  See id. at 805.  Although Doe has been living in the community since his release from MTC in 2013, with what the hearing examiner credited as support from loved ones and neighbors, he has also been charged with several new offenses during that time in addition to those arrests noted above, including an assault and battery against one of these same supporters.[7]

Finally, with respect to Doe's challenge to Internet dissemination of his registry information, the hearing examiner's finding that this was warranted is well-supported in light of the nature of his sex offenses.  See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 655 (2019) (noting that "[w]here a sexually violent offender presents [even] a moderate risk to reoffend and a moderate degree of dangerousness, Internet publication will

---

[7] For this reason, we also find that the examiner properly weighed the letters of support with the lack of detail contained therein as to what specific support was provided to give factor 33 "moderate" weight.

7

almost invariably serve a public safety interest by notifying

potential victims of the risks presented by the offender in

their geographic area").

Judgment affirmed.

By the Court (Milkey, Singh &
  Brennan, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  March 29, 2023.

---

[8] The panelists are listed in order of seniority.