NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1083

JOHN VOE, SEX OFFENDER REGISTRY BOARD NO. 6615

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Voe (Voe),[1] appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (board or SORB) final decision classifying him as a level two sex offender.[2] On appeal, Voe asserts that the examiner erroneously determined that Voe raped one of his victims, and that the examiner improperly weighted several risk mitigating factors. Thus, Voe argues, the board's decision was unsupported

---

[1] A pseudonym.

[2] "A level two classification requires a finding, by clear and convincing evidence, that '(1) the offender's risk of reoffense is moderate; (2) the offender's dangerousness is moderate; and (3) a public safety interest is served by Internet publication of the offender's registry information.'" Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138 (2019), quoting Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019). See G. L. c. 6, § 178K (2) (b).

by substantial evidence, arbitrary or capricious, and an abuse of discretion.  We affirm.

Background.  We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion.  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

a.  Index sex offenses.  Offense #1.  On July 16, 1989, Voe approached a thirty-two year old woman from behind while she was walking home from church with her seven year old daughter.[3]  Voe grabbed the victim's breasts and groped her vagina while stating, in Spanish, that he was "going with" her.  On October 5, 1989, Voe pleaded guilty to indecent assault and battery; he was sentenced to a term of four to five years in prison.

Offense #2.  On July 20, 1989, Voe approached two women while they were walking on a street in Holyoke.  After one of the women rebuffed Voe's request to "make love," Voe pushed the woman against a wall, grabbed her by the hair, and tried to force his penis into her mouth.  The victim kicked Voe in the groin and attempted to run away.  Voe caught the victim, threw her to the ground, and "pulled her skirt and underpants off and

---

[3] The hearing examiner based his findings on documentary materials, including certain police reports, indictments, and Voe's probation report; no witnesses testified at the classification hearing.

got on top of her and put his penis into her vagina."  Police officers then arrived on the scene and arrested him.  On October 4, 1989, Voe pleaded guilty to, among other things, assault with intent to rape, and was sentenced to five to seven years in prison.

Offense #3.  On January 16, 1997, Voe and two companions forced a fourteen year old girl into their vehicle and drove her to an apartment where they threatened to hurt her.  Voe's accomplices then held the victim down on a bed while Voe penetrated the victim's vagina with his penis.  On September 22, 1998, Voe pleaded guilty to charges of kidnapping and rape and abuse of a child.  He was sentenced to two and one-half years committed with seven years of probation.

b.  Relevant procedural history.

Doe originally was notified of his obligation to register as a level three offender in 2003; he did not respond to the preliminary recommendation letter and, in February 2004, he was so classified.  In 2019, in response to Voe's petition for reclassification, the board preliminarily recommended that Voe be reclassified as a level two offender.  Voe challenged that recommendation and, on July 20, 2020, a hearing examiner held a de novo evidentiary hearing.  On September 16, 2020, the hearing examiner issued a written decision finally classifying Voe as a

level two sex offender.[4]  Voe sought review in the Superior Court pursuant to G. L. c. 6, § 178M.  See G. L. c. 30A, § 14 (7).  A judge denied Voe's motion for judgment on the pleadings and allowed SORB's cross-motion for the same.  Voe now appeals therefrom.

Voe contends that SORB's decision was arbitrary, capricious, and an abuse of discretion because the hearing examiner:  (1) erroneously found that he raped one of the victims of the second 1989 incident; (2) improperly evaluated risk mitigating factors 32 and 33 by assigning only moderate weight to those factors; and (3) failed to indicate how much weight he gave to risk mitigating factor 34.

Discussion.  1.  Standard of review.  A reviewing court may set aside a decision of the board if it determines "that the decision is unsupported by substantial evidence or is arbitrary

---

[4] In so doing the hearing examiner applied twelve risk aggravating factors, including factors 2 (repetitive and compulsive behavior); 3 (adult offender with child victim); 7 (relationship between offender and victim); 8 (weapons, violence, or infliction of bodily injury); 10 (contact with criminal justice system); 11 (violence unrelated to sexual assaults); 13 (noncompliance with community supervision); 15 (hostility toward women); 16 (public place); 19 (level of physical contact); 21 (diverse victim types); and 22 (number of victims).  See 803 Code Mass. Regs. § 1.33 (2016).  The hearing examiner also applied six risk mitigating factors, including factors 29 (offense free time in the community); 30 (advanced age); 32 (sex offender treatment); 33 (home situation and support systems); 34 (materials submitted by the sex offender regarding stability in the community); and 37 (other information related to the nature of the sexual behavior).  Id.

4

or capricious, an abuse of discretion, or not in accordance with law [quotation omitted]." Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022). While we review the board's decision de novo, Brown-Forman Corp. v. Alcoholic Beverages Control Comm'n, 65 Mass. App. Ct. 498, 504 (2006), we "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006) (Doe No. 10216), quoting G. L. c. 30A, § 14 (7). Voe therefore "bears a heavy burden of establishing that the [board]'s decision was incorrect [quotation omitted]." Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

When reviewing a decision by the board, we "must determine whether the decision is supported by substantial evidence [quotation omitted]," Doe No. 10800, 459 Mass. at 632, which is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." Id., quoting G. L. c. 30A, § 1 (6).

Our review "does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion . . . but only whether a contrary conclusion is not merely a possible but a necessary inference [quotation omitted]." Doe, Sex Offender

5

Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014).

2. Hearing examiner's alleged errors. a. Erroneous finding of rape of victim during second 1989 incident.

Voe argues that the examiner erred in finding that he raped the victim of the July 20, 1989 incident (index offense #2) because the evidence was insufficient to establish that Voe penetrated the victim's vagina. Voe points to the victim's statement, as reported by the police, that Voe was "trying to rape her" and argues this is conclusive proof that the rape was not consummated since penetration was not established. Additionally, Voe argues that he pleaded guilty only to attempted rape, not the charge of rape. Voe's argument omits the fact that the victim, in addition to reporting that Voe attempted to rape her, told the police that Voe "put[] his penis into [her] vagina." We thus reject Voe's claim of error and find the hearing examiner acted within his discretionary authority by relying upon the victim's statement to the police in concluding that Voe had raped the victim. See Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89-90 (2019) (finding police reports of sexual assault relied upon by hearing examiner bore sufficient indicia of reliability).

6

Even if Voe were correct that the hearing examiner erred by finding penetration for this offense, the fact that his attempt to rape the victim may not have been successful has little if any bearing on the degree of risk he presents when considering his other predicate index offenses[5] as well as the additional relied-upon risk factors underlying Voe's level two classification. See New Palm Gardens, Inc. v. Alcoholic Beverages Control Comm'n, 11 Mass. App. Ct. 785, 794-795 (1981) (determining that a remand would be waste of time because no real doubt the commission would reach same conclusion).

b. Examiner's application of regulatory factors. Voe asserts that the examiner erroneously applied mitigating factors 32, 33, and 34 in determining his classification level. See 803 Code Mass. Regs. § 1.33 (2016).

Factor 32. Voe claims it was error for the examiner to give decreased risk mitigating weight to this factor. We disagree. The hearing examiner acted well within his discretion in assigning moderate weight after observing that: (1) other than the board's classification report no "other documents were submitted that speak to [Voe's] level of participation and progress in" sex offender treatment or otherwise that

_____

[5] That Voe committed an offense involving penetration was established when he pleaded guilty to the rape of a minor in 1998 (index offense #3).

demonstrated that Voe completed treatment; and (2) both Voe's partner and his sister indicated that they believed that he did not commit the index offenses to which he pleaded guilty.

Though participation in or successful completion of sex offense-specific treatment properly can be viewed as reducing an offender's risk of recidivism and/or dangerousness, the hearing examiner's finding here of moderate weight for factor 32 was not an abuse of discretion because it was based on the lack of evidence Voe presented on the issue of whether he completed offender treatment. To fulfill his responsibility under this factor,[6] Voe proffered (1) a letter from a provider dated December 27, 2003, indicating that Voe entered treatment in February 2002 and was "a consistent participant in the group"; (2) a "Form-10" sex offender treatment status report dated November 27, 2002; and (3) a single page from Voe's prior board classification report apparently dated January 6, 2003. The classification report indicated Voe's enrollment in sex offender treatment while incarcerated, but does not support an inference that Voe completed treatment. Likewise, the Form 10 report indicated Voe's attendance and participation in treatment sessions, but ultimately served only as evidence of Voe's

---

[6] Relevant here, factor 32 provides that for this factor "to apply, it shall be the responsibility of the offender to provide documentation from a treatment provider verifying his treatment participation or completion." 803 Code Mass. Regs. § 1.33(32).

8

partial participation in treatment, which, as the hearing examiner indicated, does not by itself "signify any measure of substantial achievement."

We agree with Voe that it was error for the hearing examiner to include Voe's partner's and his sister's mistaken belief that Voe was wrongly convicted as a basis for his weight determination.  Even so, that Voe never finished the treatment provided the hearing examiner a sufficient basis to assign only moderate weight to this factor; thus any error was harmless.  See Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 765 n.12 (2006) (finding examiner's mistake in considering irrelevant fact as part of factor analysis harmless because conclusion supported by substantial evidence).

Factor 33.  Regarding Voe's home situation and support, Voe believes the examiner erred by not giving him full weight.  We disagree.  Factor 33[7] calls for "greater mitigating consideration" where the offender's "support network . . . is

---

[7] Relevant here, factor 33 provides that it is to be "applied to an offender who is currently residing in a positive and supportive environment.  The likelihood of reoffense is reduced when an offender is supported by family, friends, and acquaintances.  [Par.]The Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation."  803 Code Mass. Regs. § 1.33(33)(a).

aware of the offender's sex offense history and provides guidance, supervision, and support" to the offender.  803 Code Mass. Regs. § 1.33(33)(a).  Here, Voe's longtime partner indicated in her affidavit to SORB that Voe was "wrongfully convicted."  Additionally, letters written in support of Voe by his friend and his sister reveal no knowledge of Voe's sex offense convictions and are devoid of any indication of how either individual could help Voe remain offense free.  Based on this evidence, we see no error in the examiner's decision to give factor 33 moderate weight since this court gives due weight to the agency's "experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it."  Doe No. 10216, 447 Mass. at 787, quoting G. L. c. 30A, § 14 (7).

Factor 34.  Lastly, Voe argues that the examiner failed to indicate the weight he assigned to risk mitigating factor 34. This claim is incorrect.  The examiner clearly articulated in his decision that Voe received moderate weight for his support system and stability in the community.

We conclude that the hearing examiner's determination that clear and convincing evidence supported a level two

classification was supported by substantial evidence.  See <u>Doe</u> <u>No. 10800</u>, 459 Mass. at 632-633.

<u>Judgment affirmed</u>.

By the Court (Milkey,
   Neyman & Smyth, JJ.[8]),

*Joseph F. Stanton*

Clerk

Entered:  August 2, 2023.

---

[8] The panelists are listed in order of seniority.