DOE NO. 22188 vs. SEX OFFENDER REGISTRY BOARD, 101 Mass. App. Ct. 797

 
 JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 22188 vs. SEX OFFENDER REGISTRY BOARD.

101 Mass. App. Ct. 797
 July 14, 2022 - October 4, 2022

Court Below: Superior Court, Middlesex County
Present: Ditkoff, Walsh, & Brennan, JJ.

 

No. 21-P-584.

Sex Offender. Sex Offender Registration and Community Notification Act. Evidence, Sex offender, Expert opinion. Practice, Civil, Sex offender, Judgment on the pleadings. Regulation. Administrative Law, Agency's interpretation of regulation.

Statement that the proper standard of review of a sex offender classification decision made by the Sex Offender Registry Board when an offender successfully challenges the application of a regulatory factor is to ask whether the error may have affected the classification. [801-804]

Prejudice arose from the erroneous reliance by a hearing examiner of the Sex Offender Registry Board (board), in classifying the plaintiff as a level two sex offender, on a regulatory factor (repetitive and compulsive behavior) that was invalid as applied to the plaintiff since he was not discovered, confronted, or investigated between the two rapes that he had committed, where the hearing examiner's repeated application of the factor may have affected the ultimate classification; accordingly, this court vacated the judgment and remanded the matter to the board. [804-806]

Civil action commenced in the Superior Court Department on May 11, 2020. 

 The case was heard by Douglas H. Wilkins, J., on motions for judgment on the pleadings. 

 Matthew J. Koes for the plaintiff.

 John P. Bossé for the defendant.

 DITKOFF, J. The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level two sex offender. See G. L. c. 6, § 178K (2) (b). The hearing examiner relied on a regulatory factor (repetitive and compulsive behavior) that SORB agrees is invalid as applied here, and the only questions before us are whether Doe's substantial rights may have been prejudiced by this error and how to make that determination. In considering how to determine whether Doe's substantial rights may have been 

 Page 798 

prejudiced, we conclude that the proper question is whether the error may have affected the classification. As the error here may have affected the classification, we vacate the judgment and remand to SORB for further proceedings.

 1. Background. a. Offenses. On July 30, 1989, at around 4:30 A.M., Doe, then twenty-five years old, broke into the apartment of a thirty-two year old woman. He held her at knifepoint, threatened to kill her if she made noise, and robbed her of $900. He then pulled her shirt over her head and vaginally raped her at knifepoint. He fled on foot.

 Eight days later, on August 7, 1989, Doe entered a second home at around 2:15 A.M. The second victim, a thirty-seven year old woman, was asleep on a couch in her in-laws' house. Doe held a knife to her throat and told her to be quiet. He then robbed her of $400, led her downstairs to the kitchen, and forced her to stand at the countertop. He vaginally raped her from behind at knifepoint. The victim's son, husband, and in-laws were asleep in the home at the time. Doe made her kneel and then fled on foot. Doe was under the influence of "crack" cocaine during both attacks and had broken into the homes to steal money to buy drugs.

 On June 7, 1990, Doe was convicted, after a jury trial, of, inter alia, aggravated rape and armed robbery based on the second attack. On March 12, 1991, Doe pleaded guilty to, inter alia, aggravated rape and armed robbery based on the first attack. He was released from custody on December 29, 2016.

 b. First classification. On August 15, 2016, SORB issued a decision classifying Doe as a level three sex offender. In its decision, SORB gave factor 2, repetitive and compulsive behavior, "full aggravating weight." Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 740 (2019) (Doe No. 22188). The regulation, as applied to adults, stated the following:

"Repetitive and compulsive behavior is associated with a high risk of reoffense. Factor 2 is applied when a sex offender engages in two or more separate episodes of sexual misconduct. To be considered separate episodes there must be time or opportunity, between the episodes, for the offender to reflect on the wrongfulness of his conduct.

"The Board may give increased weight to offenders who have been discovered and confronted (by someone other than 

 Page 799 

the victim) or investigated by an authority for sexual misconduct and, nonetheless, commit a subsequent act of sexual misconduct. The most weight shall be given to an offender who engages in sexual misconduct after having been charged with or convicted of a sex offense." 803 Code Mass. Regs. § 1.33(2) (2016).

 On appeal, we concluded that the hearing examiner erred by applying full aggravating weight to factor 2 because the defendant was not discovered, confronted, or investigated between the two rapes, much less charged or convicted. Doe No. 22188, 96 Mass. App. Ct. at 742-743. [Note 1] Accordingly, we vacated the judgment affirming SORB's classification decision and remanded the matter for further proceedings. Id. at 744-745.

 c. Second classification. On April 28, 2020, after a hearing, a SORB hearing examiner issued an amended decision classifying Doe as a level two sex offender. In his decision, the examiner again applied factor 2, this time without "extra weight," stating that, because "[t]he offenses were eight days apart . . . , the Petitioner had ample opportunity to reflect on the wrongfulness of his conduct." In the decision, the examiner expressly rejected Doe's argument that factor 2 should apply only where the offender was caught between offenses. The examiner also applied (to varying degrees) ten risk-elevating factors, [Note 2] four risk-mitigating factors, [Note 3] and three additional factors. [Note 4]

 Doe filed a timely complaint in Superior Court challenging the 

 Page 800 

classification. Doe's complaint also sought a judgment declarating that the factor 2 regulation, "or portions of that regulation, exceeds the scope of the Board's authority, is ultra vires, not supported by empirical research and otherwise invalid." Doe presented scientific evidence, in the form of research by preeminent sex offender recidivism expert Dr. R. Karl Hanson, that reoffense after being caught was predictive of recidivism but that the occurrence of multiple offenses without being caught was not. Specifically, Dr. Hanson opined "that individuals whose index sexual offense conviction involved more than one victim and/or more than one offense were no more likely to reoffend sexually than individuals who were convicted on only one sexual offense against only one victim," but "if an individual is charged with a sexual offense and then later commits a new sexual offense, the individual's risk for sexual recidivism is now increased by about 60%." SORB, for its part, conceded "that there is no support in the scientific literature or research for the proposition that repeated offenses, separated by a time for reflection, is predictive of increased risk of sexual re-offense."

 After the Superior Court hearing on the parties' motions for judgment on the pleadings, we decided Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 298 (2021) (Doe No. 356315), in which we upheld the factor 2 regulation as consistent with G. L. c. 6, § 178K (1) (a) (ii), against a facial challenge. We were not faced with, and did not consider, a challenge to the scientific basis for the factor 2 regulation. Applying our opinion, the judge took as a given that the regulation was proper under the statute and considered only its scientific grounding.

 Based on the scientific evidence, the judge concluded that, "not only is SORB's approach unsupported, but the evidence actually contradicts it." Accordingly, the judge declared that "[t]he second and third sentences of 830 Code Mass. Regs. 1.33(2) unlawfully exceed the Sex Offender Registry Board's authority and violate due process by attributing a high risk of reoffense whenever an offender committed two or more episodes of sexual misconduct, whether or not the offender was discovered, confronted or investigated between episodes . . . and without any substantial record evidence of compulsion." SORB has not appealed the declaratory judgment and is revising its regulations.

 Page 801 

 On the appeal of the classification, the judge concluded "that Factor 2 did not materially affect the outcome and that substantial evidence supports a level 2 classification." Accordingly, the judge affirmed the classification. This appeal, limited to the classification decision, followed.

 2. Standard of review. Under G. L. c. 30A, § 14 (7), an agency decision may be set aside if a court determines "that the substantial rights of any party may have been prejudiced because the agency decision is -- (a) [i]n violation of constitutional provisions; or (b) [i]n excess of the statutory authority or jurisdiction of the agency; or (c) [b]ased upon an error of law; or (d) [m]ade upon unlawful procedure; or (e) [u]nsupported by substantial evidence; or (f) [u]nwarranted by facts found by the court on the record as submitted or as amplified . . . in those instances where the court is constitutionally required to make independent findings of fact; or (g) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law." Applying this statutory standard, we have held that a decision of SORB "may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021) (Doe No. 6969), quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015) (Doe No. 356011). Our review "is confined to the administrative record," Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019) (Doe No. 523391), and we "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Doe No. 356011, supra, quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). "We review a judge's consideration of an agency decision de novo." Doe No. 6969, supra, quoting Doe No. 523391, supra at 89.

 Usually, we decide whether the "substantial rights of any party may have been prejudiced," G. L. c. 30A, § 14 (7), by determining "whether the unlawfulness of the [agency]'s procedure may have affected the outcome." Sullivan v. Superintendent, Mass. Correctional Inst., Shirley, 101 Mass. App. Ct. 766, 773 (2022), quoting Rivas v. Chelsea Hous. Auth., 464 Mass. 329, 338 (2013). Accord Police Dep't of Boston v. Kavaleski, 463 Mass. 680, 691 

 Page 802 

(2012) ("the department was not prejudiced by the commission's reliance on expert testimony [improperly considered], because the commission's decision did not depend on that testimony"); Catlin v. Board of Registration of Architects, 414 Mass. 1, 7 (1992) (party's substantial rights not prejudiced where administrative record "does not contain any information which might have produced a different result").

 We have applied this understanding to this very sex offender. In his prior appeal, we vacated the classification because the erroneously-weighted factor "was . . . material to the final weight to be given aggravating and mitigating factors." Doe No. 22188, 96 Mass. App. Ct. at 744. This is similar to how we have reviewed older classifications that did not contain sufficiently explicit findings on whether Internet dissemination was warranted. In those cases we asked whether "'the underlying facts . . . clearly dictate' whether Internet dissemination is warranted and thus make a remand unnecessary." Doe, Sex Offender Registry Bd. No. 524553 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 525, 529 (2020), quoting Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 657 n.4 (2019) (Doe No. 496501). Accord Doe No. 356315, 99 Mass. App. Ct. at 301. Where the facts clearly dictated the result, the error could not have affected the outcome.

 SORB, in its briefing at least, suggests an alternate approach: that we affirm the classification if, "in the absence of factor 2 (repetitive and compulsive behavior), substantial evidence supports the hearing examiner's decision to classify Doe as a level two sex offender." At first blush, it seems odd that we would find that the offender's substantial rights were not affected by improper consideration of a factor by an examiner so long as the examiner could have reached the same classification, regardless of whether he would have reached the same classification. This position, however, does find purchase in a Supreme Judicial Court opinion relied upon by SORB. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131 (2019) (Doe No. 23656).

 In Doe No. 23656, 483 Mass. at 139, one of the many factors considered by the examiner was "Doe's refusal to receive nonconfidential sex offender treatment" under factor 24. The Supreme Judicial Court determined that this was error because, "where . . . 'sex offender treatment is conditioned on a waiver of confidentiality, refusal of treatment alone is insufficient to support 

 Page 803 

an inference that the [individual] does not want to be treated.'" Id. at 140-141, quoting Commonwealth v. Hunt, 462 Mass. 807, 819 (2012). The court then proceeded in this fashion: "We therefore excise from the hearing examiner's determination any reliance on [factor 24], and we review what remains to determine whether substantial evidence existed to classify Doe as a level two sex offender." Doe No. 23656, supra at 142. Ultimately, the court determined that there was substantial evidence to support the classification and affirmed it. See id. at 145.

 Although the court stated the sufficiency standard, it seemed to apply the prejudice standard as well. The court stated:

"The absence of this factor does not sufficiently upset the balance of factors to modify the ultimate sex offender classification determination. Indeed, the hearing examiner did not significantly rely on this factor. Refusal of treatment constituted only four sentences of the hearing examiner's thirty-five page decision. Unlike certain other factors, this factor was not assigned 'considerable weight.'" Id. at 142 n.14.

Moreover, context matters. The offender in Doe No. 23656 challenged the sufficiency of the evidence, but raised no challenge to the applicability of factor 24 in his brief. See id. at 134, 138. In that context, where the only issue before the Supreme Judicial Court was whether there was sufficient evidence to support the classification, the court naturally asked itself only whether there was sufficient evidence and not whether any unbriefed error might have affected the offender's substantial rights. This case does not require us to perform a sufficiency review where, as here, the offender explicitly challenges the examiner's use of an inapplicable factor.

 Adding some confusion is our decision in Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219 (2020) (Doe No. 390261). There, we found that the examiner improperly gave factor 10 (contact with criminal justice system) full aggravating weight based on old charges without explaining his reasons for doing so in a case where the offender had challenged the examiner's use of factor 10. Id. at 226-227. Perhaps in an excess of thoroughness, we applied both standards. We analyzed whether substantial evidence supported the classification after "excis[ing] from the hearing examiner's determination 

 Page 804 

any reliance on [factor 10]." Id. at 227, quoting Doe No. 23656, 483 Mass. at 142. We also considered prejudice, determining that "even the complete elimination of factor 10 from the hearing examiner's assessment would 'not sufficiently upset the balance of factors to modify the ultimate sex offender classification determination.'" Doe No. 390261, supra, quoting Doe No. 23656, supra at 142 n.14.

 The fundamental problem with the sufficiency approach is that it involves substituting our judgment for that of the SORB examiner. We do not know whether the examiner would conclude that Doe is a level two sex offender without the application of factor 2. If we were to affirm a level two classification simply because the examiner could have concluded that, we would usurp the examiner's role and deprive ourselves of the examiner's expertise and experience. "It is appropriate for such issues to be resolved in the first instance by the agency in the adjudicatory process, not in judicial review of that process." Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 576 (2020). On balance, we conclude that the proper standard of review when an offender successfully challenges the application of a regulatory factor is to ask whether the error may have affected the classification and, if so, to remand to SORB. This best comports with our statutory mandate to determine whether "the substantial rights of any party may have been prejudiced" (emphasis added). G. L. c. 30A, § 14.

 3. Application. Both parties agree that it was error for the examiner to apply factor 2 in this case. Doe was not discovered, confronted, or investigated between the two rapes. It is uncontested, therefore, that the classification decision "is arbitrary or capricious, an abuse of discretion, or not in accordance with law." Doe No. 6969, 99 Mass. App. Ct. at 537, quoting Doe No. 356011, 88 Mass. App. Ct. at 76. Accord Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 656 (2012) ("arbitrary and capricious" to misapply factors). Accordingly, all that remains is for us to determine whether the erroneous application of factor 2 may have affected the level two classification.

 In this regard we start by asking whether "the underlying facts of the case . . . clearly dictate the appropriate classification level." Doe No. 356315, 99 Mass. App. Ct. at 301, quoting Doe No. 496501, 482 Mass. at 657 n.4. Here, the governing sex offenses were brutal rapes of women sleeping in private homes, at knifepoint 

 Page 805 

while being threatened with death. The second rape occurred while the victim's family was sleeping nearby. A level two classification was certainly permissible here.

 Nonetheless, the examiner recognized considerable mitigation in Doe's progress since his release from incarceration. The examiner assigned full mitigating weight to Doe's advanced age and moderate weight to his participation in sex offender treatment. Doe was fifty-five years old at the time of classification, had been "an active participant in treatment" since 2014, and had "demonstrated insight into his sexual offending behaviors," "acknowledged the wrongfulness of his act[,] and expressed remorse." The examiner also assigned full mitigating weight to Doe's support system and his stability in the community. In this regard, Doe submitted "letters of support from his two daughters, his son, niece, sister, wife and friends. They all attest to his [now] positive character, their knowledge of his offense history and a willingness to support him." Doe also established that he had obtained a college degree and certificates in welding and commercial driving, regularly attends religious services, works full time at a hospital as a pipefitter, is married, and owns a home. This is not a case where the factors clearly dictate one result or another. Contrast Doe No. 390261, 98 Mass. App. Ct. at 224, 227-228 (no prejudice where offender raped child for eight years even after being investigated and three mitigating factors were given full, minimal, and some weight, respectively).

 As the facts do not clearly dictate a result, we examine whether the examiner's decision itself relied on the erroneous factor. See Doe No. 23656, 483 Mass. at 142 n.14; Doe No. 22188, 96 Mass. App. Ct. at 744. In the examiner's four-page summary of his analysis, he mentioned the repetitive nature of Doe's behavior three separate times. The second sentence of the summary stated, "[Doe] exhibited repetitive and compulsive behavior in committing two rapes of a similar pattern, within eight days of each other." The second sentence of the risk of reoffense section stated that Doe "repetitively and compulsively (Factor 2) sexually assaulted two stranger women (Factors 7 and 22) in their homes." The Internet dissemination section began, "[Doe] has demonstrated that he can repeatedly break into the homes of adult stranger females and rape them." In short, the examiner's repeated (although certainly not compulsive) reliance on factor 2 causes us to conclude that his erroneous application of the factor may have affected the ultimate classification.

 Page 806 

 4. Conclusion. The judgment is vacated, and a new judgment shall enter vacating the decision of SORB and remanding the matter to SORB for further proceedings consistent with this opinion.

 So ordered. 

FOOTNOTES
[Note 1] We also concluded that the hearing examiner erred by excluding a transcript of testimony by Dr. R. Karl Hanson regarding repetitive and compulsive behavior. See Doe No. 22188, 96 Mass. App. Ct. at 744. 

[Note 2] Factor 7 (relationship between offender and victim, "increased weight"); factor 8 (weapons, violence, or infliction of bodily injury, "appl[ied]"); factor 9 (alcohol and substance abuse, "moderate weight"); factor 10 (contact with criminal justice system, "moderate weight"); factor 11 (violence unrelated to sexual assaults, "moderate weight"); factor 12 (behavior while incarcerated or civilly committed, "appl[ied]"); factor 13 (noncompliance with community supervision, "minimal weight"); factor 16 (public place, "full weight"); factor 19 (level of physical contact, "increased weight"); and factor 22 (number of victims, "appl[ied]"). 

[Note 3] Factor 30 (advanced age, "full weight"); factor 32 (sex offender treatment, "moderate weight"); factor 33 (home situation and support systems, "full weight"); and factor 34 (materials submitted by sex offender regarding stability in community, "full weight"). 

[Note 4] Factor 35 (psychological or psychiatric profiles indicating risk to reoffend, "limited weight"); factor 37 (other useful information related to nature of sexual behavior, "not give[n] . . . much weight"); and factor 38 (victim impact statement, "Board fully recognizes the stress and trauma associated with th[ese] crime[s]"). 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.