NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-307

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526776

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (SORB) as a level three sex offender.[1]  We conclude that the hearing examiner's application of factor 2, see G. L. c. 6, § 178K (1) (a) (ii) (repetitive and compulsive behavior), may have improperly affected the classification decision, and therefore vacate the judgment and remand for further proceedings.

When reviewing SORB's decisions, we "give due weight to the experience, technical competence, and specialized knowledge of the agency."  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L.

_____

[1] In accordance with G. L. c. 6, § 178K (2) (c).

c. 30A, § 14 (7).  A court may set aside or modify SORB's classification decision only where "the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019).  When an offender successfully challenges the application of a regulatory factor, we "ask whether the error may have affected the classification and, if so, [we] remand to SORB."  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 804 (2022).

Following Doe's level three classification, but before the Superior Court judgment affirming that classification, a Middlesex Superior Court judge invalidated the second and third sentences of 803 Code Mass. Regs. § 1.33(2) (2016), finding that there was insufficient scientific support for factor 2's correlation between repetitive conduct and a higher risk of reoffense, where the perpetrator has not been confronted between offenses.  See Doe, Sex Offender Registry Bd. No. 22188 vs. Sex Offender Registry Bd., Mass. Sup. Ct., No. 2081CV1130B, slip op. at 1, 20-22 (Middlesex County Apr. 16, 2021) (Wilkins, J.).  SORB did not appeal the Superior Court judge's decision, and has conceded that it is bound by the ruling in that case.  See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd.,

2

490 Mass. 759, 765-767 (2022) (evidence of confrontation between sexual offenses sufficient to show compulsive as well as repetitive conduct).

Here, the hearing examiner considered that Doe had sexually assaulted the victim multiple times and had frequently engaged in sexually explicit communication with the victim over the course of several months.  However, no evidence was presented that Doe was ever confronted, discovered, or investigated between these incidents, so factor 2 was improperly considered in the classification decision.

The hearing examiner properly considered other risk-elevating factors in addition to factor 2, such as the ages and extrafamilial relationship of Doe and victim, Doe's position of trust as a coach at the victim's school, and the facts that the offenses involved a high level of physical contact (in that Doe vaginally penetrated the victim) and occurred in a public place.[2] However, we are mindful that our role is not to "substitut[e] our judgment for that of the SORB examiner." Doe No. 22188, 101 Mass. App. Ct. at 804.  Because we cannot say that the evidence supporting a level three classification is so overwhelming that we are confident that the hearing examiner would reach the same

---

[2] See 803 Code Mass. Regs. § 1.33(3) (adult offender with a child victim), (7) (relationship between offender and victim), (16) (public place), and (19) (level of physical contact).

3

conclusion once factor 2 is excised from the analysis, we consider it better for the hearing examiner, in the first instance, to determine the appropriate classification level for Doe based on application of all appropriate factors, but without application of factor 2.  See id. ("If we were to affirm a level [three] classification simply because the examiner could have concluded that, we would usurp the examiner's role and deprive ourselves of the examiner's expertise and experience").[3]

The judgment of the Superior Court is vacated, and a new judgment shall enter vacating the decision of SORB and remanding the matter to SORB for further proceedings consistent with this decision.

So ordered.

By the Court (Green, C.J., Shin & Hershfang, JJ.[4]),

Joseph F. Stanton

Clerk

Entered:  May 12, 2023.

---

[3] Citing Doe No. 496501, 482 Mass. at 654, 656-657, Doe also argues that the hearing examiner erred in finding that Internet dissemination serves a public safety interest, and failed to make the requisite explicit findings.  In light of our decision remanding the matter to the hearing examiner for further consideration of Doe's classification level, the hearing examiner shall also make explicit findings on whether Internet dissemination serves a public safety interest.

[4] The panelists are listed in order of seniority.