NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-688

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 17938

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB or the board) as a level two sex offender. On appeal, Doe claims that the hearing examiner (examiner) abused his discretion by (1) rejecting Doe's expert witness's opinion testimony; and (2) mechanically applying SORB's regulatory factors which resulted in a decision that was unsupported by substantial evidence, arbitrary, and capricious. We affirm.

Background. We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

Doe's governing offense stemmed from his sexual assault of a fifty-two year old woman when Doe was forty-four years old. Doe entered the woman's apartment while she was sleeping, attacked her, pinned her to her bed, struck her in the face with the telephone after she tried to call for help, forced oral sex upon her, and thereafter demanded that she give him money. On June 24, 2002, Doe was convicted of three counts of indecent assault and battery on a person fourteen years of age or older, and one count each of burglary, assault and battery by means of a dangerous weapon, and assault and battery.

On or about June 6, 2013, SORB classified Doe as a level three sex offender. On December 15, 2016, following the issuance of Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297 (2015), in which the Supreme Judicial Court revised the standard of proof in SORB decisions to clear and convincing evidence, Doe was reclassified as a level two sex offender. See G. L. c. 6, § 178K (2) (b). On February 10, 2020, Doe filed a motion for reclassification. The examiner conducted de novo hearings on December 16, 2020, and January 27, 2021, during which the parties submitted documentary evidence. In addition, Dr. Fabian M. Saleh, a forensic psychiatrist and expert witness, opined that Doe had a "very low" risk to reoffend. On February 25, 2021, the examiner issued a comprehensive written decision classifying Doe as a

2

level two sex offender.  Doe sought judicial review of that decision, see G. L. c. 30A, § 14, and, following a hearing on Doe's motion for judgment on the pleadings, a Superior Court judge denied the motion and affirmed the level two classification.  This appeal followed.

Discussion.  1.  Standard of review.  A reviewing court may set aside a decision of the board if it determines "that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (citation omitted).  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022).  The reviewing court shall "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."  Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14 (7).  Doe therefore "bears a heavy burden of establishing that the [board]'s decision was incorrect" (citation omitted).  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

2.  Classification determination.  a.  Doe's expert's opinion.  The examiner was not required to accept Dr. Saleh's opinion regarding Doe's risk of reoffense, see Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass.

3

102, 112 (2014) (Doe No. 68549), and did not abuse his discretion in rejecting it. The examiner did not, as Doe suggests, ignore Dr. Saleh's low risk assessment or fail to explain his reasons for reaching a different conclusion. Rather, as evidenced by his thorough written decision, the examiner considered the expert's opinion and explained the basis for his disagreement and deviation therefrom. In particular, the examiner applied two factors that Dr. Saleh either failed to consider or declined to apply.[1] Further, the examiner chose not to apply or give the same weight to three factors that Dr. Saleh applied.[2] Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019) ("Doe is not entitled to a guarantee that SORB will reach the same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony"). The examiner also noted that Dr. Saleh characterized the absence of Doe's alcohol or drug use as "significant." However, as the examiner further noted, Dr. Saleh was confronted on cross-examination with evidence showing that Doe used substances while incarcerated and continued to use alcohol and marijuana after his release from custody. Although Dr. Saleh testified that he did not feel that the use of such

---

[1] Factor 10 (contact with the criminal justice system); factor 28 (supervision by probation or parole).
[2] Factor 9 (alcohol and substance abuse); factor 19 (level of physical contact); factor 30 (advanced age).

4

substances was sufficient to alter his opinion, the examiner was not obligated to credit that testimony, and indeed did not.  Put simply, the examiner did address the expert opinion evidence and it was well within his discretion to reject it or apply lesser weight to it than Doe would prefer.  See Doe No. 68549, supra at 109-110 ("A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor").

b.  Application of statutory and regulatory factors.  Doe contends that the level two reclassification was not supported by substantial evidence because the examiner erred in the application of board factors 9 (alcohol and substance abuse), 28 (supervision by probation or parole), 30 (advanced age), 32 (sex offender treatment), and 33 (home situation and support system).  See 803 Code Mass. Regs. § 1.33 (2016).  The claim is unavailing.

When reviewing a decision by the board, we "must determine whether the decision is supported by substantial evidence" (citation omitted), Doe No. 10800, 459 Mass. at 632, which is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Id., quoting G. L. c. 30A, § 1 (6).  Our review "does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion . . . but only whether a contrary conclusion is not merely a possible

5

but a necessary inference" (quotation and citation omitted). Doe No. 68549, 470 Mass. at 110. See Doe No. 10800, supra at 633 ("It is the province of the board, not this court, to weigh the credibility of the witnesses and to resolve any factual disputes"). Furthermore, the "hearing examiner has . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe No. 68549, supra at 109-110.

Here, the record reveals a comprehensive and reasonable analysis and weighing of the various board factors. First, apart from the findings vis-à-vis the five factors now challenged on appeal, the examiner determined that risk elevating factors 7 (relationship between offender and victim), 8 (weapons, violence or infliction of bodily injury), 11 (violence unrelated to sexual assaults), 12 (behavior while incarcerated or civilly committed), and 13 (non-compliance with community supervision) applied. Furthermore, the examiner also ascribed moderate weight to risk mitigating factors 29 (offense free time in the community), and 31 (physical condition). He further applied factor 34 (materials submitted regarding stability in the community), but gave it minimal weight, as Doe has not been able to maintain abstinence from drugs and alcohol and had recently engaged the services of a prostitute for sexual acts. Finally, the examiner applied additional factors 35

6

(psychological or psychiatric profiles regarding risk to reoffend) and 37 (other information related to the nature of the sexual behavior).  The record supports the examiner's analysis and application of these myriad factors, and Doe does not challenge them on appeal.

With this background in mind, we return to Doe's claim that because the examiner misapplied factors 9, 28, 30, 32, and 33, he could not have provided a "reasoned analysis" supported by substantial evidence.  As to factor 9 (alcohol and substance abuse), the examiner applied full weight, "considering [Doe's] substance use contributed to his sexual offense and considering his continued use of alcohol and marijuana in the community despite treatment."  The record demonstrates that Doe continues to use alcohol and marijuana, despite undergoing substance use disorder treatment.  We discern no error therefrom.

As to Doe's claim that the examiner erred in applying factor 28 (supervision by probation or parole), the examiner applied only minimal weight "given [Doe's] history of two prior violations of community supervision and his inappropriate sexual behavior within the last six months while on probation."  In this regard, we reiterate that Doe reported to Dr. Saleh that he had engaged a prostitute.  Doe also claims that the examiner erred in applying factor 30 (advanced age), by giving it moderate weight.  Here again, the record supports the examiner's

7

conclusion in view of, inter alia, "[Doe's] report to Dr. Saleh regarding the use of a prostitute in the last six months . . . which demonstrates . . . active interest and willingness to engage in inappropriate sexual behavior."

Finally, there is no merit to Doe's claim that the examiner erred in attributing moderate weight to factor 33 (home situation and support system).  Although a friend and a family member wrote letters in support of Doe, the examiner noted that "the level of support, guidance, and supervision they can provide is negatively impacted by the varying degrees to which they are aware of and willing to discuss [Doe's] sex offense." The examiner's view is reasonable and supported by the record, including the reference in one of the supporting letters characterizing Doe's offense as a "foolish mistake," which could have been viewed as downplaying or lacking insight into the facts of Doe's behavior.  In short, we discern no abuse of discretion in the examiner's application of moderate weight to factor 33.[3]

3.  Conclusion.  We discern no abuse of discretion in the examiner's treatment of the expert witness's opinion testimony,

---

[3] We likewise discern no abuse of discretion in the hearing examiner's giving moderate weight to factor 32 (sex offender treatment) where Doe was ordered to complete sex offender treatment as a condition of probation and, at the time of the hearing, had not yet completed treatment.

and application of SORB's regulatory factors.  The examiner's determination that clear and convincing evidence supported a level two classification was supported by substantial evidence, and thus Doe's claims are unavailing.

Judgment affirmed.

By the Court (Neyman, Henry & Ditkoff, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  November 2, 2023.

---

[4] The panelists are listed in order of seniority.