NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-778

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524499

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (SORB) as a level two sex offender. On appeal, Doe claims that the decision of the hearing examiner (examiner) was arbitrary and capricious, Doe's risk to reoffend is low and compels a level one classification, and the examiner erred in requiring Internet dissemination of Doe's personal information. We affirm.

Background. We summarize the facts as found by the hearing examiner, "supplemented by undisputed facts from the record," and reserve certain facts for later discussion. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

Doe's governing offense stemmed from his sexual assault of his seven year old granddaughter (victim) when Doe was seventy-four years old. Specifically, in October 2014, Doe's adult son reported to police that Doe had sexually assaulted the victim. The victim had told her mother that while Doe was babysitting her, he entered the bathroom and "exposed himself while she was taking a bath." Doe then asked the victim to touch his genitals and he also touched hers. During a SAIN interview, the victim stated that Doe had touched the area "that she goes pee" with his finger and penis and "it was sort of in and out."

On November 30, 2016, Doe pleaded guilty to three counts of indecent assault and battery of a child under fourteen, open and gross lewdness, and intimidation of a witness.[1] He was sentenced to two years in the house of correction. Although Doe did not plead guilty to rape, the examiner found that the victim's statements to her mother and during her SAIN interview, which were corroborated by Doe's own admissions, were sufficiently detailed to find that Doe penetrated the victim's vagina with his penis and finger.

On June 28, 2018, following a hearing, the examiner issued a decision classifying Doe as a level two sex offender. Doe

---

[1] The defendant was indicted for various charges including two counts of rape. Pursuant to a plea bargain, one count of rape was reduced to indecent assault and battery and another count of rape was nol prossed.

sought judicial review of the decision pursuant to G. L. c. 30A, § 14, and a Superior Court judge remanded the matter because the examiner's decision lacked explicit findings regarding Internet dissemination, Doe's incarceration at the time of the evidentiary hearing prevented him from obtaining medical records necessary to support his physical disability claim, and it was unclear whether the examiner's decision was based on clear and convincing evidence.

On July 7, 2021, the examiner conducted a postremand hearing. On July 29, 2021, the examiner issued a new and comprehensive written decision again classifying Doe as a level two sex offender. The examiner found by clear and convincing evidence that Doe presents a moderate risk of reoffense and degree of dangerousness such that a public safety interest is served by Internet publication of his registry information. Doe sought judicial review of that decision, see G. L. c. 30A, § 14, and, following a hearing on Doe's motion for judgment on the pleadings, a Superior Court judge denied the motion and affirmed the level two classification. This appeal followed.

Discussion. 1. Standard of review. A reviewing court may set aside a decision of SORB if it determines "that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (citation omitted). Doe, Sex Offender Registry Bd. No.

3

22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022). The reviewing court shall "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14 (7). Doe therefore "bears a heavy burden of establishing that the [SORB]'s decision was incorrect" (citation omitted). Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

2. Classification determination. a. Doe's expert's opinion. Doe first contends that the examiner "erroneously failed to credit" the conclusion of Doe's expert, Dr. Sorrentino, who opined that Doe posed a very low risk of reoffense. Doe further argues that the examiner "cannot completely disregard Dr. Sorrentino's expert testimony without justification." The claim is unavailing. The examiner was not required to accept Dr. Sorrentino's opinion regarding Doe's risk of reoffense, see Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 112 (2014) (Doe No. 68549), and did not abuse his discretion in rejecting it. The examiner did not, as Doe suggests, ignore Dr. Sorrentino's low risk assessment or fail to explain his reasons for reaching a different conclusion. Rather, as evidenced by his written

4

decision, the examiner considered the expert's testimony, evaluation, and opinion, and explained in detail the basis for his disagreement and deviation therefrom. Indeed, the examiner did give "some weight" to the "tests and tools used by Dr. Sorrentino," but disagreed with portions of the expert's analysis and conclusions. For example, one of the risk-assessment tools used by Dr. Sorrentino focused on Doe's age more than any other factor but did not account for offenders like Doe, who commit a sex offense after the age of sixty. In addition, one of the risk-assessment tools used by Dr. Sorrentino was problematic insofar as the results were based on Doe's self-reporting, which included statements that were undermined by other evidence.[2] While the examiner could have accepted Dr. Sorrentino's opinion, he was not obligated to do so. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019) (Doe No. 23656) ("Doe is not entitled to a guarantee that SORB will reach the

---

[2] As noted by SORB, Dr. Sorrentino's reliance on the Stable-2007 risk-assessment tool was problematic in that the results of the test were primarily based on Doe's self-reporting. For example, Dr. Sorrentino accepted Doe's self-report that he did not have sexual urges, fantasies, or behaviors related to prepubescent children, and accepted that assertion in her risk analysis. However, Doe had admitted that when he saw the victim naked in the bathtub, he became aroused and had an erection.

same conclusion as his expert; he is entitled only to careful consideration of his expert's testimony").[3]

b. Application of statutory and regulatory factors. Doe's additional arguments regarding the examiner's analysis likewise fall short. Doe contends that the level two reclassification was not supported by substantial evidence and the examiner erred in the application of risk-mitigating factors 30 (advanced age) and 31 (physical condition). See 803 Code Mass. Regs. § 1.33 (2016). The claim is unavailing.

When reviewing a decision by SORB, we "must determine whether the decision is supported by substantial evidence" (citation omitted), Doe No. 10800, 459 Mass. at 632, which is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." Id., quoting G. L. c. 30A, § 1 (6). Our review "does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion . . . but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted).

---

[3] The examiner also noted and considered evidence from the forensic evaluation written by Dr. Leonard Bard. However, the examiner excluded Dr. Bard's risk opinion because Dr. Bard did not testify at the hearing. See 803 Code Mass. Regs. § 1.17(5)(c) (2016) ("failure to call the Expert Witness to testify at the hearing will result in the exclusion of so much of the report as expresses the Expert Witness's opinion as to the sex offender's risk of reoffense or degree of dangerousness").

6

Doe No. 68549, 470 Mass. at 110.  See Doe No. 10800, supra at 633 ("[i]t is the province of the board, not this court, to weight the credibility of the witnesses and to resolve any factual disputes").  Furthermore, the "hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor."  Doe No. 68549, supra at 109-110.

In the present case, the record reveals a comprehensive and reasonable analysis and weighing of the various SORB factors.  The examiner applied a high-risk factor and two risk-elevating factors to his analysis, all of which were supported by the evidence.[4]  Further, the examiner chose to apply some weight to various mitigating factors.[5]  See Doe No. 68549, 470 Mass. at 109-110.  The examiner's decision was supported by substantial evidence, and we discern no abuse of discretion.

We turn to Doe's claim that, because the examiner misapplied factors 30 and 31, he could not have provided a "reasoned analysis" supported by substantial evidence.  As to factor 30 (advanced age), the examiner applied minimal

---

[4] Factor 3, adult offender with child victim; factor 18, extravulnerable victim; and factor 19, level of physical contact.

[5] Factor 30, advanced age (minimal weight); factor 32, sex offender treatment (moderate weight); factor 33, home situation and support systems (minimal weight); factor 34, materials submitted by the sex offender regarding stability in the community.

7

mitigating weight because although Doe was eighty-one at the time of the hearing, he was seventy-four at the time of his offense. That Doe is of advanced age now is less pertinent because he was already of advanced age when he committed the offense. See 803 Code Mass. Regs. § 1.33(30)(a) ("Factor 30 should be given less weight when an offender continues to demonstrate an active sex drive or general criminality"). While advanced age is a mitigating factor for adult male offenders, it alone "does not outweigh other risk-elevating factors present in an individual offender." Id. We discern no error.[6]

Doe also argues that the facts of this case militate at most a level one (low risk) classification. In particular, Doe argues that because of Doe's status as a one-time criminal offender, the fact that there was only one victim who was a family member, the opinions of his experts, the absence of a history of drug and alcohol abuse, and his engagement in some

---

[6] Doe also contests the examiner's decision not to apply factor 31 (physical condition). The examiner considered Doe's physical health and documentation of his medical conditions that limit his mobility, but chose not to apply this factor because Dr. Sorrentino testified that while Doe's "overall general physical condition is compromised, . . . his physical condition does not directly relate to his risk of committing a future sexual offense. . . . Although his limitation to get around may relate to mitigation, it is not based on scientific studies." Here, the record shows that the examiner fairly considered Dr. Sorrentino's testimony concerning Doe's physical condition and how Doe's condition relates to his risk of reoffense, and we discern no error. See generally Doe No. 23656, 483 Mass. at 135.

8

sex offender treatment, SORB did not prove by clear and convincing evidence that he was a level two offender.[7]  Based on our review of the record and the reasons detailed in the examiner's decision, we disagree.

        c.  Internet dissemination and public safety.  Doe further maintains that requiring Internet dissemination of his personal information was not supported by clear and convincing evidence that it would serve a public safety interest.  However, Doe did not raise this argument in the Superior Court, and therefore it is waived.  See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).  Even if the argument was not waived, it is nevertheless unpersuasive.  The examiner explained how active dissemination of Doe's registry information served public safety.  Based on the nature of his offense, the examiner considered that, if Doe were to reoffend, there is a likelihood that such an offense would involve a young girl.  Therefore, the examiner reasoned that "in the interest of public safety, caregivers of young girls and girls who may become acquainted

---

[7] On appeal, Doe argues that it is unclear whether the examiner applied the clear and convincing evidence standard, given that he did not articulate how the risk-aggravating factors that he applied, which were based on offenses Doe committed "many years ago," bear on Doe's risk of reoffense today or otherwise and outweigh the applicable risk-mitigating factors.  In view of the clear and detailed findings in the examiner's report, which repeatedly stated and applied the correct "clear and convincing" standard, the claim is unpersuasive.

with [Doe] have a right to know that he is a registered sex offender."  Substantial evidence supports this conclusion.  Cf. Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 655 (2019) (Internet dissemination of level two offender's information "will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area").

For the reasons detailed in the examiner's decision and the reasons stated herein, we cannot conclude that the examiner's decision was arbitrary, capricious, unsupported by substantial evidence, or an abuse of discretion.[8]

Judgment affirmed.

By the Court (Meade, Neyman & Hand, JJ.[9]),

Assistant Clerk

Entered:  March 29, 2024.

---

[8] Other points, relied on by Doe but not discussed in this decision, have not been overlooked.  We find nothing in them that requires further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[9] The panelists are listed in order of seniority.

10