NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1170

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 464933

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment affirming a decision of the Sex Offender Registry Board (SORB) classifying him as a level three sex offender in accordance with G. L. c. 6, § 178K (2) (c).  On appeal, the plaintiff argues that the hearing examiner's application of high-risk factor two, repetitive and compulsive behavior, 803 Code Mass. Regs. § 1.33(2) (2016), was arbitrary and capricious.  While we agree that the hearing examiner erred by applying factor two, we nevertheless affirm the decision because the remaining evidence overwhelmingly supports a level three classification.

Discussion.  "[A] decision of SORB 'may only be set aside if the court determines that the decision is unsupported by

substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law.'"[1]  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022) (Doe No. 22188), quoting Doe, Sex Offender Registry Bd. No. 6969 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 533, 537 (2021) (Doe No. 6969).  If the hearing examiner misapplied a regulatory factor, we "ask whether the error may have affected the classification and, if so, . . . remand to SORB."  Doe No. 22188, supra at 804.  See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 767 (2022) (Doe No. 6729) (affirming level three classification supported by "overwhelming evidence" despite erroneously applied factor).  "When evaluating the board's decision, however, we 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Doe No. 6729, supra at 762-763, quoting Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 30 (2021).  See G. L. c. 30A, § 14 (7).  "We review a judge's consideration of an agency decision de novo."  Doe, Sex

---

[1] "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion" (quotation omitted).  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 93 (2019).

Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391).

"[W]here the board determines that the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination, it shall give a level [three] designation to the sex offender." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 646 (2019) (Doe No. 496501), quoting G. L. c. 6, § 178K (2) (c). "In determining whether these elements have been established by clear and convincing evidence, a hearing examiner may consider subsidiary facts that have been proved by a preponderance of the evidence." Id. at 656. The hearing examiner's discretion is "guided by [several] statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019). See G. L. c. 6, § 178K (1) (a)-(l); 803 Code Mass. Regs. § 1.33.

SORB does not dispute that the hearing examiner erred by applying factor two because the plaintiff was not discovered, confronted, or investigated between his offenses, which we discuss in greater detail infra. They argue instead that, notwithstanding the erroneous application of factor two, there remained overwhelming evidence to support the level three classification. We agree that factor two was wrongfully applied

3

and, accordingly, conclude that the classification decision is "arbitrary or capricious, an abuse of discretion, or not in accordance with the law" for that reason. Doe No. 22188, 101 Mass. App. Ct. at 804, quoting Doe No. 6969, 99 Mass. App. Ct. at 537. We next turn to consider whether the application of factor two prejudiced the plaintiff by affecting his level three classification.

After excising factor two from consideration, we conclude that the plaintiff's level three classification is supported by the remaining factors and overwhelming evidence.[2] Doe No. 6729, 490 Mass. at 767. The plaintiff pleaded guilty in January 2014 to two counts of rape of a child with force in violation of G. L. c. 265, § 22A, five counts of posing or exhibiting a child in a state of nudity in violation of G. L. c. 272, § 29A, and seven counts of child pornography in violation of G. L. c. 272, § 29C. These charges arose from a series of incidents that occurred while the plaintiff was living in a home with his brother, his brother's fiancée, and their combined five children. The plaintiff abused four of the children in the home. His most serious offenses were against a six year old boy (Victim 1), who he abused by, inter alia, anally raping him,

---

[2] The plaintiff does not challenge the factual findings of the hearing examiner.

4

fellating him, and taking nude photographs of him.  The

plaintiff abused a nine year old girl (Victim 2) by taking nude

photographs of her and showing her the nude photographs that he

had taken of Victim 1.  He abused an eight year old girl (Victim

3) by taking a photograph of her clothed buttocks and by showing

her the nude photographs he had taken of Victims 1 and 2.[3]

Finally, he abused a six year old girl (Victim 4) by showing her

the photographs that he had taken of Victim 1.[4]

Together, these facts establish that the plaintiff was not

prejudiced by the erroneous application of factor two.

---

[3] Victim 3 reported during a forensic interview that the plaintiff attempted to pull down her pants and take pictures of her "private parts," but she yelled, kicked him, and ran away.

[4] Based on this evidence, excluding the erroneously applied factor two, the hearing examiner applied one high-risk factor, factor three, adult offender with child victim, 803 Code Mass. Regs. § 1.33(3), and eight risk-elevating factors, including factor seven, relationship between the offender and victim, 803 Code Mass. Regs. § 1.33(7), factor twelve, behavior while incarcerated, 803 Code Mass. Regs. § 1.33(12), factor seventeen, male offender against male victim, 803 Code Mass. Regs. § 1.33(17), factor eighteen, extravulnerable victim, 803 Code Mass. Regs. § 1.33(18), factor nineteen, level of physical contact, 803 Code Mass. Regs. § 1.33(19), factor twenty, diverse sexual behavior, 803 Code Mass. Regs. § 1.33(20), factor twenty-one, diverse victim type, 803 Code Mass. Regs. § 1.33(21), and factor twenty-two, number of victims, 803 Code Mass. Regs. § 1.33(22).  She also applied two risk-mitigating factors, including factor twenty-eight, supervision by probation, 803 Code Mass. Regs. § 1.33(28), and factor thirty-two, sex offender treatment, 803 Code Mass. Regs. § 1.33(32).  She further considered the various psychological profiles that had been composed regarding the plaintiff pursuant to factor thirty-five, 803 Code Mass. Regs. § 1.33(35).

Importantly, the plaintiff does not dispute that the hearing examiner properly applied high-risk factor three, adult offender with child victim, 803 Code Mass. Regs. § 1.33(3), nor any of the other factors aside from factor two. Whether or not the plaintiff's crimes were repetitive and compulsive, his abuse of multiple prepubescent, extrafamilial victims constitutes a gravely serious set of sexual offenses that, as supported by the hearing examiner's remaining analysis, shows a high degree of dangerousness and a high likelihood to reoffend. See 803 Code. Mass. Regs. § 1.33. See also Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110-111 (2014). The plaintiff's sexual offenses were diverse, including physical abuse of Victim 1, and his victims were diverse in gender and relationship type. See 803 Code. Mass. Regs. § 1.33(3), (20), (21). Although there is no doubt that the hearing examiner misapplied factor two, that factor was "not consider[ed] . . . with the most weight" because the hearing examiner recognized that the plaintiff had not been discovered, confronted, or investigated between offenses. We further note that the plaintiff was minimally active in group sex offender treatment while incarcerated and, at those meetings, seemed to be more concerned about "not receiving earned good time" rather than retaining the information being taught. Accordingly, we

6

cannot say that the plaintiff was prejudiced by the application of factor two.

In support of his argument that he was prejudiced, the plaintiff suggests that the evidence supporting a level three classification was not so compelling that the application of factor two could not have affected the final classification. See Doe No. 22188, 101 Mass. App. Ct. at 804.  He makes this argument by emphasizing five facts that he suggests should cast his level three classification into doubt.  We are unpersuaded by any of these claims and address each in turn.  First, the plaintiff contends that he has no criminal record aside from his sexual offending.  This argument is without merit, however, as, while contact with the criminal justice system is a risk-elevating factor, see 803 Code Mass. Regs. § 1.33(10), non-engagement with the criminal justice system is not a risk-mitigating factor pursuant to 803 Code. Mass. Regs. § 1.33.  Second, the plaintiff asserts that he engaged in contact offenses against only a single victim on two occasions.  That claim is factually erroneous, however, as the record suggests that the plaintiff touched Victim 1 "on a daily basis," recounts multiple instances of rape against Victim 1, and supports at least one explicit instance of unwanted touching against Victim 3.  See Doe No. 523391, 95 Mass. App. Ct. at 88 ("An appeal from a SORB classification decision is confined to the

administrative record").  Third, the plaintiff contends that he completed eight years in prison while only receiving three disciplinary reports, but, where the plaintiff was disciplined for engaging in prohibited sexual contact with another inmate, we are unpersuaded that his disciplinary record could reasonably be taken to mitigate his classification level.  Fourth, the plaintiff argues that he abused only children in his own home, suggesting that his limited victim pool reduces the likelihood that he will reoffend in the future.  Given that the plaintiff engaged in diverse sexual offending against victims from within and outside his family, however, we do not conclude that the fact that his index offenses targeted only children who lived with him weighs heavily enough against the overwhelming evidence against him to support a finding of prejudice.  See Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 32 (2021) ("assault on two different types of victims" supports level three classification).  Fifth and finally, the plaintiff reminds us that he took responsibility for his misconduct by pleading guilty to the charges against him.  We are not persuaded.  The plaintiff's lackluster engagement with sex offender treatment coupled with his disciplinary offenses while incarcerated mitigates any persuasive force that his guilty plea might have otherwise had with respect to his classification.  See id.  Accordingly, we

discern no prejudice against the defendant resulting from the hearing examiner's erroneous application of factor two.

<u>Judgment affirmed</u>.

By the Court (Desmond, Hand & Grant, JJ.[5]),

Clerk

Entered:  October 3, 2024.

---

[5] The panelists are listed in order of seniority.