NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-249

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 526553

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

John Doe, Sex Offender Registry Board No. 526553 (Doe) appeals from his classification as a level two sex offender. See G. L. c. 6, § 178K (2) (b). He argues that the Sex Offender Registry Board (SORB or board) hearing examiner (1) misapplied regulatory factors 13 (noncompliance with community supervision) and 37 (other information related to the nature of the sexual behavior) in her analysis of Doe's risk of reoffense and degree of dangerousness, without which she lacked substantial evidence to support Doe's level two classification; (2) erred by rejecting his expert's opinions; and (3) erred in finding that public safety interests would be served by Internet publication.

We vacate the judgment and remand for further proceedings consistent with this memorandum and order.

Background. We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).

A twelve year old boy (the victim) disclosed to his therapist that Doe, then fifteen years old, had physically and sexually abused him in a home daycare facility run by Doe's mother. During a forensic interview, the victim disclosed that Doe had been hitting and pinching him, causing bruising, for over a year. The victim also reported that Doe had several times forced his penis into the victim's mouth. Doe had threatened the victim with violence -- that Doe would cut off his penis or kill him -- to force the victim to comply. Additionally, the victim disclosed that on several occasions Doe had forced the victim to lick Doe's anus and had used a broomstick to penetrate the victim's anus, which caused him pain. The victim stated that the first sexual assault occurred in October 2014 and that he was assaulted several times until approximately February 2015.[1]

---

[1] The parties disagree about the length of time over which these events occurred, and the hearing examiner's analysis is inconsistent on this point. We describe the events using the timeline in the reports outlining the victim's statements and

2

On August 23, 2018, based on the events described, Doe was adjudicated a youthful offender by a judge of the Juvenile Court on two counts of rape of a child with force in violation of G. L. c. 265, § 22A, and one count of indecent assault and battery on a child under fourteen in violation of G. L. c. 265, § 13B. He was committed to the custody of the Department of Youth Services (DYS) until age twenty-one, followed by an adult sentence of two and one-half years in the house of correction, suspended with a term of probation.

In November 2019, the board notified Doe of its preliminary recommendation that he be classified as a level two sex offender. After a de novo hearing challenging the recommendation, the board issued a decision on October 23, 2020, finally classifying Doe as a level two sex offender, concluding he posed a moderate risk to reoffend and a moderate degree of dangerousness and that a public interest is served by Internet access to his sex offender registry information. Doe sought judicial review of the board's decision. A judge of the Superior Court remanded the matter to SORB, concluding that the hearing examiner had inappropriately disregarded Doe's expert's opinion.

address the hearing examiner's timeline of events in our discussion.

3

Following the remand, on November 3, 2021, the hearing examiner again classified Doe as a level two sex offender.[2]  Doe again sought judicial review.  A Superior Court judge affirmed the level two classification, and this appeal followed.  On January 13, 2023, a judge of the Superior Court granted Doe's emergency motion to stay Internet dissemination pending the outcome of this action.

Discussion.  "We review a judge's consideration of an agency decision de novo."  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019).  In reviewing the board's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the [board].'"  Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013), quoting G. L. c. 30A, § 14 (7).  We may only set aside the board's decision on a finding that the decision is unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or not in accordance with the law.  See Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 (2022) (Doe No. 6729).

---

[2] After Doe filed a complaint for judicial review of this decision, the board rescinded it.  A final amended classification on remand issued on November 19, 2021.

1. _Sufficiency of the evidence and application of the regulatory factors_. Doe contends that the level two reclassification was not supported by substantial evidence because the examiner erred in the application of board factors 13 and 37. We address factor 37 first.

a. _Factor 37_. The hearing examiner applied factor 37 because she found "the recurring nature of [Doe]'s offending against the vulnerable boy concerning and considered this as further evidence of [Doe]'s degree of dangerousness," and she also "consider[ed] this repeated sexual behavior in relation to the nature and scope of harm to future [v]ictims should he re-offend." Doe argues that the hearing examiner inappropriately considered evidence of repetitive behavior that SORB concedes cannot be considered for risk of reoffense under factor 2 by incorporating it into her evaluation through factor 37.[3] SORB counters that the hearing examiner considered the repetitive

_____

[3] In 2021, a Middlesex Superior Court judge invalidated the second and third sentences of 803 Code Mass. Regs. § 1.33(2) (2016), finding that there was insufficient scientific support for factor 2's correlation between repetitive conduct and a higher risk of reoffense, where the perpetrator has not been confronted between offenses. See Doe, Sex Offender Registry Bd. No. 22188 vs. Sex Offender Registry Bd., Mass. Super. Ct., No. 2081CV1130B, at 1, 20-22 (Middlesex County Apr. 16, 2021). SORB did not appeal from the Superior Court judge's decision and has conceded that it is bound by the ruling in that case. See Doe No. 6729, 490 Mass. at 765-767 (evidence of confrontation between sexual offenses sufficient to show compulsive as well as repetitive conduct).

nature of Doe's offenses in a specific manner -- as other information permitted under factor 37 in determining dangerousness, not risk of reoffense, and the harm that would befall a victim if Doe reoffends.

For the purposes of this decision, we assume without deciding that a hearing examiner can consider repetitive behavior under factor 37 to determine degree of dangerousness. We nonetheless remand the matter because the hearing examiner relied on factor 37 in a way that appears to have duplicated risk-elevating factors on which the hearing examiner also relied. Put another way, we remand because we are unable to determine whether the hearing examiner's application of factor 37 double counted factors that she had already considered in her analysis. The hearing examiner refers to "the nature and scope of harm to future [v]ictims" in her factor 37 analysis, but she had already applied factor 8 (weapon, violence or infliction of bodily injury) and factor 19 (level of physical contact) to account for the Doe's degree of dangerousness should he reoffend in the future. See 803 Code Mass. Regs. § 1.33(8)(c), (19)(c) (2016). Similarly, the hearing examiner refers to the victim as a "vulnerable boy" in her analysis of factor 37, and she also applied factor 17 (male offender against male victim). See 803

Code Mass. Regs. § 1.33(17)(c).[4]  The hearing examiner's reference to the boy as "vulnerable" also injects concern that she may have considered the victim "extravulnerable" though SORB conceded, and the hearing examiner elsewhere accepted, that factor 18 (extravulnerable victim) did not apply.

We cannot be confident that these apparent duplications did not materially influence the hearing examiner's level two classification.  Accordingly, we vacate the judgment and remand the matter for further proceedings.  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 804 (2022).

b.  Factor 13.  Doe argues that the hearing examiner incorrectly applied minimal weight to factor 13 by attributing "negative behaviors in the beginning of [Doe's DYS] residential placement" as evidence of noncompliance with community supervision.  See 803 Code Mass. Regs. § 1.33(13)(c).  Doe, then a teen, failed to comply with community supervision when entering custody of the DYS by being disrespectful to staff, attempting to instigate fellow peers, and failing to adhere to program routine.  "[O]ur review does not turn on whether, faced with the same set of facts, we would have drawn the same

---

[4] On remand, we suggest the hearing examiner consider adding detail to the characterization of the victim as "vulnerable"; we note that the examiner did not apply factor 18 (extravulnerable victim), and SORB conceded this factor did not apply.

7

conclusion as an agency or local board, but only whether a contrary conclusion is not merely a possible but a necessary inference" (quotation and citation omitted). Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 110 (2014). We discern no abuse of discretion in the hearing examiner's application of factor 13 with minimal weight.

2. Other issues on remand. Given our decision to remand based on the factor 37 issue alone, we only address those additional issues that may be relevant on remand.

a. Medical expert testimony. Doe introduced expert medical testimony that concluded his risk of reoffense is "extremely low," and he presented as "an extremely low danger to the public." Doe contends that the hearing examiner abused her discretion in failing to state an adequate reason for declining to adopt the expert's opinion that Doe posed a low risk of sexual reoffense. Although the hearing examiner was required to carefully consider expert testimony, Doe "is not entitled to a guarantee that SORB will reach the same conclusion as his expert." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 137 (2019). A hearing examiner may reject uncontradicted expert testimony, provided she articulates an "objectively adequate reason" for doing so. Id. at 137.

8

Here, the expert opinion relied on Doe's self-reports of the effects of testosterone injections for delayed puberty. The hearing examiner discounted the expert's testimony because Doe "did not submit any of the aforementioned medical records relating to his previous pre-pubertal diagnosis nor the subsequent medical notes which would corroborate his self-reported side effects of the testosterone therapy." We do not address the merits of this argument because, on remand, Doe has the opportunity to address the hearing examiner's concerns by submitting the records or explaining whether the standard of care would not have been to document such concerns.[5]

b. Incident timeline. When initially remanding to SORB for a new hearing in 2022, the Superior Court judge noted in his order that "the hearing examiner states that [Doe] assaulted the Victim over a nine-month period. However, the factual recitation of [Doe's] index offenses at the beginning of her decision indicates that the offenses only occurred over a four-month period" and instructed that "[t]hese discrepancies should be resolved on remand." However, the hearing examiner failed to correct this inconsistency in her amended decision. Without explanation, the hearing examiner continued to use the nine-

---

[5] Doe is now entitled to a reclassification hearing. We leave it to Doe and SORB whether to hold an entirely new hearing or to supplement the existing administrative record.

9

month time frame in her decision.  The time period of the offenses is relevant because the medical expert gave the opinion that the rapid increase in testosterone levels for treatment of delayed puberty was a consideration in Doe's offenses.  We note that the victim disclosed that the assaults occurred in October 2014 and continued until February 2015.[6]  On remand, the hearing examiner should make a finding on the period of time that the victim was abused and use that length of time consistently in the classification evaluation.

Conclusion.  We vacate the judgment of the Superior Court affirming SORB's decision classifying Doe as a level two sex offender.  A new judgment shall enter vacating SORB's decision and remanding this matter to SORB for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Henry,
  Hershfang & Smyth, JJ.[7]),

Clerk

Entered:  April 17, 2025.

---

[6] The indictments allege a longer period, to June 2015. Should the hearing examiner continue to rely on this longer period, she should explain why the indictments are more reliable than the victim's statements as to the period of abuse.

[7] The panelists are listed in order of seniority.

10