NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-268

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 153207

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment that affirmed his classification by the Sex Offender Registry Board (SORB) as a level three sex offender. On appeal, Doe argues that the hearing examiner (examiner) erred by (1) denying Doe's motion for expert funds; (2) denying Doe's motion in limine to exclude opinion evidence; (3) applying factor sixteen; (4) basing her classification decision on insufficient evidence; and (5) requiring Internet publication of Doe's sex offender registry information. We affirm.

Background. We summarize the facts as set forth in the examiner's decision, "supplemented by undisputed facts from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex

Offender Registry Bd., 459 Mass. 603, 606 (2011) (Doe No. 10800).

On December 28, 2005, Doe's sister reported to the police that she suspected Doe had sexually assaulted her then nine year old daughter and had found child pornography in Doe's bedroom. When Doe was interviewed by the police, he admitted, among other things, that on at least three occasions, he poured liquid candy on his penis and had his niece lick the candy off of his penis. He also admitted to sexually assaulting another nine or ten year old girl who was a friend of the family. Further, Doe told the police officers interviewing him that he had taken photographs of his niece holding his penis while she was blindfolded, recorded videos of himself masturbating and putting his penis in his niece's mouth, blindfolded her and had her guess the flavor of candy he "squirted" in her mouth, and recorded videos of himself masturbating while his other victim guessed the flavor of the candy he "squirted" in her mouth.[1]

On September 26, 2006, Doe pleaded guilty to twenty counts of rape of a child, eight counts of possession of child pornography, five counts of posing a child in a state of sexual conduct, and two counts of posing a child in a state of nudity. Doe received concurrent eighteen to twenty year State prison

---

[1] Doe's niece provided similar descriptions of what he did.

sentences on the rape of a child convictions and concurrent ten year probation sentences on the charges of posing a child in a state of sexual conduct and posing a child in a state of nudity.

While incarcerated, Doe was transferred to the Massachusetts Treatment Center (MTC) where he began sex offender treatment. On February 4, 2020, an MTC evaluator completed Doe's comprehensive sexual offense assessment and treatment evaluation (evaluation) which included a Static-99R assessment and a Stable-2007 assessment. According to the MTC evaluator's report, the combined results from the Static-99R and Stable-2007 assessments placed Doe in the "above average" range for sexual recidivism.

On July 14, 2020, SORB notified Doe of his requirement to register as a level three sex offender. After a de novo hearing, the examiner affirmed SORB's level three classification. A Superior Court judge affirmed SORB's classification on December 7, 2022, and this appeal followed.[2]

Discussion. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89

---

[2] Doe's notice of appeal is undated and there is no entry of the appeal on the Superior Court docket, so the timeliness of the appeal is unclear. However, counsel for Doe's notice of appearance was entered on December 30, 2022, so we will treat the appeal as timely.

(2019).  We may only set aside SORB's decision if "the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (citation omitted).  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022) (Doe No. 22188).  In reviewing the judge's decision, "we 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it'" (citation omitted). Id.  As a result, Doe "bears a heavy burden of establishing that the [SORB]'s decision was incorrect" (citation omitted).  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

1.  Expert funds.  On appeal, Doe argues that the examiner erroneously denied his motion for expert funds.  We disagree. An offender seeking expert funds has the burden of showing a need for expert testimony on an issue that is "particular to him . . . , is not a matter of common knowledge or experience, and . . . ha[s] a bearing on [his] classification."  See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008).

Here, Doe argues that an expert was necessary to assess his risk of reoffense and degree of sexual dangerousness because the MTC evaluation diagnosed him with pedophilia, an issue

4

particular to Doe, and the examiner relied on this diagnosis to designate him as a level three sex offender. We are not persuaded that the MTC evaluator's statements that "it is likely [Doe] meets criteria for pedophilic disorder" and "pedophilic disorder should be considered" constitute a diagnosis, nor is there any evidence that the examiner relied on the evaluator's statements as a diagnosis of pedophilia. She did not apply or consider factor one (mental abnormality) in her classification determination.[3] We discern no error.

2. <u>Motion in limine</u>. Doe argues that the examiner abused her discretion by denying his motion in limine to exclude the MTC evaluation from evidence because (1) the evaluation stated an ultimate risk opinion which the examiner relied on in determining that Doe posed a high risk of sexual reoffense and (2) the author of the report did not testify at the hearing in violation of factor thirty-five. See 803 Code Mass. Regs. § 1.33 (35) (a) (2016). Factor thirty-five permits the examiner to "consider evaluative reports [and] empirically-based risk assessment instruments . . . as they relate to the offender's risk of reoffense" but requires the examiner to exclude ultimate

---

[3] In denying Doe's motion for expert funds, the examiner stated that "no evidence was submitted indicating that [Doe] has been diagnosed with a specific condition as required under [803 Code Mass. Regs. § 1.16 (4)]."

5

risk opinions from consideration unless the evaluator testifies as an expert witness at the classification hearing. Id.

Here, the results of the Static-99R actuarial assessment and Stable-2007 assessment placed Doe at an above average risk for sex offender recidivism. These tests assess factors that predict the likelihood of sex offender recidivism and provide the evaluator with numerical results that correspond to risk level. Importantly, the results of these tests do not reflect the MTC evaluator's opinion as to Doe's risk level. Therefore, they do not constitute an ultimate risk opinion. To the contrary, because these tests are "empirically-based risk assessment instruments," the examiner was expressly permitted by factor thirty-five to consider them without the evaluator's testimony. 803 Code Mass. Regs. § 1.33 (35) (a). Accordingly, we discern no error.

3. Factor sixteen (public place). Though the hearing examiner applied minimal weight to factor sixteen, 803 Code Mass. Regs. § 1.33 (16) (a), Doe argues that even her minimal application of factor sixteen was erroneous because the relevant offenses took place in his bedroom with the door closed and in a storage closet behind at least two closed doors. However, factor sixteen applies to "any place that is open to the scrutiny of others or where there is no expectation of privacy." Id. Because "[a] hearing examiner has discretion . . . to

6

consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor" (citation omitted), we review the examiner's decision for abuse of that discretion.  Doe No. 22188, 96 Mass. App. Ct. at 742.

Here, Doe assaulted his niece in the basement of the home he shared with his mother when other family members were gathered upstairs.  On multiple occasions when the niece and her mother were visiting, the mother searched the house looking for her daughter and searched Doe's bedroom in the basement. Following these incidents, the examiner found that the victim's mother had repeatedly warned Doe not to be alone with the victim in his bedroom, yet on multiple subsequent occasions, the mother caught Doe alone with her daughter after he had just assaulted her.  Based on these facts, the hearing examiner determined that Doe had no expectation of privacy and his conduct was open to the scrutiny of others.  We discern no abuse of discretion in the examiner's application of factor sixteen.  See Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 789 (2006) (affirming application of factor sixteen where predicate offenses took place in bedroom and living room in part because definition of "public place" is not "limited to 'truly public places, like parks or schools'").

Even if the examiner did err in applying factor sixteen, it was harmless.  See Doe, Sex Offender Registry Bd. No. 6729 v.

7

Sex Offender Registry Bd., 490 Mass. 759, 767 (2022) (where error is harmless and classification level is supported by evidence, case need not be remanded to SORB).  Not only did the examiner apply only minimal weight to factor sixteen, but Doe's classification is otherwise supported by substantial evidence.

5.  Substantial evidence.  On appeal, Doe argues that there was insufficient evidence to find that he poses a high risk of reoffending and degree of dangerousness, and that the examiner did not properly weigh and consider mitigating factors twenty-eight (supervision by probation or parole), thirty (advanced age), and thirty-two (sex offender treatment).  "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Doe No. 10800, 459 Mass. at 632, quoting G. L. c. 30A, § 1 (6).  The substantial evidence standard requires that the offender's classification be established "by clear and convincing evidence."  Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd. 473 Mass. 297, 298 (2015).  The weight given to the factors is within the examiner's discretion and we do not substitute our judgment on the weight of the evidence for that of an agency. See Doe, Sex Offender Registry Bd. No. 3844 v. Sex Offender Registry Bd., 447 Mass. 768, 775 (2006) (Doe No. 3844).

We are satisfied that there was substantial evidence to support Doe's level three classification.  In considering

several high risk and risk elevating factors, the examiner found that Doe posed a high risk of reoffense and degree of sexual dangerousness because he repeatedly sexually assaulted two prepubescent girls, one extrafamilial and one intrafamilial, while they were blindfolded.[4]  The examiner also considered Doe's prior substance use, contact with the criminal justice system, and diverse sexual behavior.[5]  Further, the examiner considered factors in Doe's favor such as his probation on release from incarceration, age at the time of the classification hearing, and participation in sex offender treatment.[6]  Taking the evidence as a whole, the examiner found "[b]y clear and convincing evidence, . . . [Doe] poses a high risk to reoffend and a high degree of dangerousness . . ." and ordered him to register as a level three sex offender.  The record amply supports the examiner's conclusion, and we will not disturb the

---

[4] Specifically, the examiner applied high risk factor three (adult offender with child victim) and risk elevating factors seven (relationship between the offender and victim), eighteen (extravulnerable victim), nineteen (level of physical contact), twenty-one (diverse victim type), and twenty-two (number of victims).

[5] Specifically, the examiner applied risk elevating factors nine (alcohol and substance abuse), ten (contact with the criminal justice system), and twenty (diverse sexual behavior).

[6] Specifically, the examiner applied risk-mitigating factors twenty-eight (supervision by probation or parole), thirty (advanced age), and thirty-two (sex offender treatment).

examiner's weighing of the factors.  See <u>Doe No. 3844</u>, 447 Mass. at 775.

6.  <u>Internet publication</u>.  Doe argues that the examiner erred in requiring Internet publication of his sex offender registry information because it does not serve a public safety interest.  We disagree.  Even "where a sexually violent offender presents a moderate risk to reoffend and a moderate degree of dangerousness, Internet publication will almost invariably serve a public safety interest by notifying potential victims of the risks presented by the offender in their geographic area."  <u>Doe, Sex Offender Registry Bd. No. 496501</u> v. <u>Sex Offender Registry Bd.</u>, 482 Mass. 643, 655 (2019).  Certainly, the same holds true with respect to a high-risk offender.  Because the examiner found that Doe poses a high risk of reoffense and degree of dangerousness and he offended against an extrafamilial victim, she did not abuse her discretion in requiring Internet

publication of Doe's sex offender registry information.

Judgment affirmed.

By the Court (Vuono, Henry & Wood, JJ.[7]),

*Paul Little*

Clerk

Entered:  August 11, 2025.

---

[7] The panelists are listed in order of seniority.