NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-811

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 524656

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2017, appellant Doe pleaded guilty to two counts of rape and abuse of a child, G. L. c. 265, § 23, four counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B, one count of distribution of obscene matter to a minor, G. L. c. 272, § 28, and one count of posing or exhibiting a child in a state of nudity, G. L. c. 272, § 29A.  These convictions arose out of Doe's sexual abuse of his daughter over a three-year period, from when she was ten years old until she was thirteen years old.  In 2016, she disclosed the abuse to her school.

Prior to his release from incarceration, Doe was notified by the Sex Offender Registry Board (SORB or Board) of a duty to

register as a level two sex offender, pursuant to G. L. c. 6, §§ 178C-178Q, and 803 Code Mass. Regs. §§ 1.00 (2016).  Doe requested a hearing to challenge SORB's preliminary classification pursuant to G. L. c. 6, § 178L.  A de novo hearing was held via videoconference on May 23, 2023, where Doe appeared with counsel.  Thereafter, on June 29, 2023, the hearing examiner issued a twenty-nine-page decision classifying Doe as a level two sex offender.  A level two designation means the Board concluded that Doe posed a moderate risk of reoffending and moderate degree of dangerousness, and that publication of his registry information, including via the Internet, served a public safety interest.  G. L. c. 6, § 178K (2) (c).

Doe challenged the decision by way of a complaint for judicial review brought pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M.  The decision of the hearing examiner was affirmed by a judge of the Superior Court, and Doe has now appealed to this court.  We affirm.

Discussion.  1.  Arbitrary and capricious.  Doe argues first that the Board's decision was arbitrary and capricious and not supported by substantial evidence.  Doe argues that the hearing examiner took a "checklist approach" to analyzing the various factors relevant to his classification, arguing that the

hearing examiner's analysis was "perfunctory." Doe also emphasizes several mitigating factors like his lack of any disciplinary reports during his time in prison, excelling at sex offender treatment there, and completion of many educational programs including learning a fourth language, Spanish. He notes that he has no prior criminal history and likewise has never been the subject of any criminal harassment or abuse prevention orders. He also emphasizes the letters of support submitted on his behalf and the fact that he would be on probation after release, with a number of conditions, including having no unsupervised contact with anyone under the age of sixteen except for his biological son.

The hearing examiner's decision, however, was not perfunctory. Unlike the decision at issue in Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 573-574 (2020), it demonstrated analysis of the various aggravating and mitigating circumstances specific to Doe, not just a listing of them, followed by a conclusion.

In particular, the hearing examiner described several high-risk and risk-elevating factors identified in 803 Code Mass. Regs. § 1.33 (2016). The first was that Doe was an adult offender with a child victim who "was prepubescent, during most of [Doe's] offending." See id. at § 1.33(3)(a). An adult

3

offender with a child victim has a heightened risk of reoffense; and offenders who target prepubescent children, the hearing examiner noted, "pose an even higher risk of re-offense and degree of dangerousness," so that those offenses are given "greater weight."

The hearing examiner also applied factor eight, relating to violence or the infliction of bodily injury, noting that "during the sexual abuse [Doe] would hit [his daughter] and on one occasion, he struck her on the head with enough force to cause her to lose consciousness." See 803 Code Mass. Regs. § 1.33(8)(a). Finally, she concluded that factor nineteen applied (addressing level of physical contact) because the offenses in this case included penile penetration. See id. at § 1.33(19)(a).

Despite Doe's completion of sex offender treatment, the hearing examiner noted that his skills have yet to be tested in the community, "thus, young girls and/or their caregivers should have access to [Doe]'s registry information to take the appropriate steps to protect themselves."

The hearing examiner also applied several risk-mitigating factors.[1] The hearing examiner's analysis was thorough. With

---

[1] Although Doe complains that the relapse prevention program he prepared was not cited by the hearing examiner in her

4

respect to risk of reoffense, she did not merely recite the various high-risk, risk-aggravating, and risk-mitigating factors (of which there were more); she based her conclusion, at least in part, on the fact that "research supports that the strongest predictors of sexual recidivism for all sex offenders are variables related to antisocial orientation and sexual deviance," 803 Code Mass. Regs. § 1.33, and Doe "repeatedly sexually abused a prepubescent girl beginning when she was [ten] years old, which speaks to his sexual deviance."  That assessment is neither arbitrary nor capricious; and there is substantial evidence supporting the hearing examiner's conclusion, by clear and convincing evidence, that Doe's risk to reoffend is moderate.

2.  Repetitive behavior.  The appellant argues that the hearing examiner wrongly utilized the repetitive nature of the offenses in her analysis.  It is clear that the conduct at issue did not meet the definition of repetitive and compulsive in factor two, which the hearing examiner did not apply, because it did not continue after Doe was confronted.  See Doe, Sex

_____

discussion of mitigating factors, we cannot see how that was prejudicial.  Whatever insight the plan shows, its only mention of anything related to the high-risk fact that Doe was an adult and his daughter a minor child, prepubescent for most of the time that he sexually abused her, is the conclusory statement "I have never had any attraction to children."

5

Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 738, 742-743 (2019), S.C., 101 Mass. App. Ct. 797 (2022).

Doe argues that the Board impermissibly employed his repetitive conduct under factor thirty-seven, the catchall factor for anything the hearing examiner finds to be relevant, which amounted to an impermissible, "back door" way of giving aggravating weight to repetitive but not compulsive behavior. 803 Code Mass. Regs. § 1.33(37)(a). This argument, however, is foreclosed by the Supreme Judicial Court's recent decision in Doe, Sex Offender Registry Bd. No. 527962 v. Sex Offender Registry Bd., 496 Mass. 543, 548-550 (2025), which held that repetitive offending that does not meet the definition of compulsive under factor two can be considered in assessing the degree of dangerousness of the petitioner under factor thirty-seven.

3. Application of risk assessment tools. Doe argues next that the use of results from two measures of risk, the STATIC-99 test and the STABLE-2007 test, was arbitrary and capricious. Doe argues, without support, that there must be evidence that the hearing examiner had the expertise necessary to interpret the results of the tests as applied to Doe. Given the clarity of the conclusions returned from administration of the tests

6

about level of risk of reoffense, and in the absence of any citation supporting this argument, we are not persuaded.

Doe also argues that his current risk of reoffense and degree of dangerousness were not properly assessed by these tests, as they do not include consideration of the fact "that Doe addressed all the issues that he was required to address as suggested by the [c]omprehensive [e]valuation."  These tests, however, evaluate both static and dynamic risk factors, and nothing in Doe's comprehensive evaluation undermines anything in the hearing examiner's assessment.[2]

4.  Denial of expert funds.  Finally, Doe argues there was error in the hearing examiner's denial of funds to engage the services of an expert psychologist on adjustment disorder, with which Doe has been diagnosed.  Although we cannot expect counsel to be aware of the conclusions an expert might reach in engaging in an assessment of a particular person, we can say that merely asserting that a petitioner has some diagnosis -- without asserting some link between the diagnosis and possible effect on risk of reoffense or degree of dangerousness -- is not

_____

[2] Doe complains that an article he submitted was improperly excluded from "other information related to the nature of the sexual behavior," which must be considered by the hearing examiner.  803 Code Mass. Regs. § 133(37).  As the article relied for its conclusion on another article that was considered by the Board in adoption of the regulations, we see no error.

sufficient to require a judge to provide funds for an expert. See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008).

In this case, Doe did not put forward even a hypothesis of how the diagnosis of adjustment disorder might affect the hearing examiner's analysis.  Consequently, we see no abuse of discretion or error of law in denial of the funds.  For these reasons, the judgment is affirmed.

So ordered.

By the Court (Rubin, Walsh & Hershfang, JJ.[3]),

Clerk

Entered:  May 14, 2026.

---

[3] The panelists are listed in order of seniority.

8